UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROGRESS PARTNERS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:19-CV-12216 |
| IGNITIONONE, INC., | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT AND JURY DEMAND**

**Introduction**

This is an action for breach of contract by plaintiff Progress Partners, Inc. ("Progress Partners"), an investment bank and corporate advisory firm, to recover over $590,000 in damages, plus attorney's fees, interest, and other costs, caused by defendant IgnitionOne, Inc. ("IgnitionOne"). IgnitionOne hired Progress Partners to provide consulting services and assist IgnitionOne in an acquisition or asset sale. Progress Partners dutifully met its obligations, and IgnitionOne has entered into an asset sale agreement with another company. IgnitionOne now refuses to pay the agreed upon fee to Progress Partners and provide the necessary documents so that Progress Partners can confirm that IgnitionOne will pay the agreed upon fees.

**Parties**

1. Progress Partners is a Massachusetts corporation with a principal place of business at 50 Milk Street, 16th Floor, Boston, Massachusetts. Progress Partners is an investment bank and corporate advisory firm that works with buyers and sellers of emerging growth companies to complete mergers and acquisitions or private placement transactions.

2. IgnitionOne is a Delaware corporation registered to do business in New York, with a principal place of business at 470 Park Avenue South, 6th Floor, New York, New York.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 (diversity jurisdiction) because the Parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is appropriate in this district because Progress Partners performed its services principally in this district, and the Court has personal jurisdiction over IgnitionOne because IgnitionOne consented to jurisdiction in this Court by agreement.

## Facts

### The Business Advisory Agreement

5. Progress Partners and its affiliate, Applied Capital, LLC, entered into a Business Advisory Agreement with IgnitionOne, dated January 7, 2019 (the "Agreement"). The Agreement is attached as Exhibit A.

6. The Parties agreed that Progress Partners would provide "advisory services . . . to [IgnitionOne] in connection with [IgnitionOne's] preparation to make strategic advances in its business, including assisting [IgnitionOne] to position itself to seek a Transaction." Agreement, Section 2. Additionally, "during the Term, **all** contracts and negotiations regarding a Transaction or potential Transaction shall be coordinated, but not controlled, by [Progress Partners]. Agreement, Section 2 (emphasis in original).

7. In exchange for Progress Partners' services, IgnitionOne agreed to pay Consulting Fees of $15,000 per month, with a $60,000 minimum, and a Transaction Fee if IgnitionOne "signs an agreement with respect to a Transaction during the Term or with a Contacted Person at any time within 9 months after the Termination Date . . . ." Agreement, Section 4.

8. The Transaction Fee consists of a payment to Progress Partners of at least $500,000. Agreement, Section 4(b)(a).

9. IgnitionOne made several commitments concerning the fees, including:

   a. *IgnitionOne must pay the fees regardless of its view of the value Progress Partners provided in the Transaction*: "The Consulting Fees and Transaction Fees are payable regardless of the actual or claimed role or non-role, or alleged value or lack of value, of [Progress Partner's] services related to the subject transaction." Agreement, Section 4(d).

   b. *IgnitionOne may not attempt to reduce the fees*: "[IgnitionOne] shall not agree with another party to attempt to reduce or avoid any Fee or that a Transaction will only close if any Fee is reduced or eliminated; or claim that payment of any Fee would interfere with a Transaction or a Transaction party's willingness to close a Transaction. [IgnitionOne] shall not make or effect any commitment, promise, agreement, or plan to pay or apply proceeds of any Transaction . . . that would conflict with [IgnitionOne's] ability to pay timely and in full the Fees payable hereunder . . . ." Agreement, Section 4(d).

   c. *IgnitionOne must include the fees as a required deliverable in any Transaction Agreement*: "[IgnitionOne] shall cause any agreement containing the terms of a Transaction to: (1) reference the payment of the Transaction Fee as a required closing delivery . . . ." Agreement, Section 7(c).

   d. *IgnitionOne must provide Progress Partners with any requested information necessary to confirm that IgnitionOne is complying with its payment obligations:* "If an agreement with respect to any Transaction is entered into by [IgnitionOne] during the Term . . . [IgnitionOne] agrees to

        provide [Progress Partners] with such information relevant to [IgnitionOne's] obligations hereunder and allow [Progress Partners] to confirm such information by having reasonable access to [IgnitionOne's] books, records, and other sources of information . . . ." Agreement, Section 4(c); *see also* Agreement, Section 7(d).

    e.  *IgnitionOne owed the Transaction Fee to Progress Partners on the Closing Date of the asset sale agreement*: "If [IgnitionOne] signs an agreement with respect to a Transaction during the Term …[IgnitionOne] shall pay [Progress Partners] a corresponding Transaction Fee …. All payments shall be made in cash at the initial closing of that Transaction …." Agreement, Section 4(b).

10.    The Agreement contains an attorney's fee provision: "In the event of any dispute involving this Agreement, the prevailing party shall be entitled to collect its reasonable and necessary attorney's fees and costs from the losing party." Agreement, Section 9(d).

**IgnitionOne Refuses to Pay Progress Partners and Provide Necessary Documents**

11.    Progress Partners has fulfilled all of its obligations under the Agreement.

12.    On September 18, 2019, IgnitionOne entered into an asset sale agreement with Zeta Global.

13.    The asset sale is a Transaction under the Agreement that entitles Progress Partners to payment of a Transaction Fee.

14.    The total amount of fees owed, including unpaid Monthly Retainer Fees and the Transaction Fee, is $590,000.

15.    Since the asset sale, IgnitionOne has taken a series of wrongful actions to avoid paying the fees owed to Progress Partners. For example:

  a. IgnitionOne has repeatedly attempted to pay significantly less than the Monthly Retainer Fees and Transaction Fee, despite the requirements in Section 4 that it not attempt to pay less than the full amount.

  b. IgnitionOne failed to provide Progress Partners the right to review the Transaction documentation, as required in Section 7(d) of the Agreement. In fact, IgnitionOne failed to inform Progress Partners in a timely manner that a Transaction was even being contemplated. Progress Partners only found out about the consummation of the asset sale through a press release.

  c. After seeing the press release announcing IgnitionOne's deal with Zeta Global, Progress Partners contacted IgnitionOne to confirm the asset sale and to request the Transaction documents.

  d. IgnitionOne confirmed its deal with Zeta Global but refused to provide the requested information.

  e. On September 18, 2019, Progress Partners sent a demand for payment of the Transaction Fee to IgnitionOne.

  f. IgnitionOne has refused to pay the Transaction Fee without explanation.

**<u>Count I</u>**
**(Breach of Contract)**

16. Progress Partners repeats and incorporates by reference the allegations contained in the above paragraphs.

17. IgnitionOne has breached the Agreement by, among other reasons, insisting on paying less than the amounts owed, failing to provide transaction documents upon request to Progress Partners, and failing to pay the Transaction Fee.

WHEREFORE, Progress Partners respectfully requests that the Court:

18. Enter judgment in favor of Progress Partners in an amount to be determined at trial, with interest and costs;

19. Award Progress Partners its attorney's fees as required under the Agreement; and

20. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

**PROGRESS PARTNERS HEREBY MAKES A DEMAND FOR TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

PROGRESS PARTNERS, INC.

By its attorneys,

October 25, 2019

   /s/ Patrick J. Maher        
Matthew J. Connolly, BBO # 676954
Patrick J. Maher, BBO # 703656
NUTTER McCLENNEN & FISH LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
mconnolly@nutter.com
pmaher@nutter.com

4630717